873 F.2d 1438
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ruth A. DEW, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 88-2892.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 10, 1989.
Decided: April 5, 1989.
 
 Dallas K. Mathis, on brief, for appellant.
 Patricia Papas (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Chief, Social Security Litigation Division; Deborah Fitzgerald, Assistant Regional Counsel, Department of Health and Human Services; Henry E. Hudson, United States Attorney, Dennis E. Szybala, Assistant United States Attorney, on brief), for appellee.
 Before HARRISON L. WINTER, K.K. HALL and JAMES DICKSON PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ruth A. Dew appeals from the district court's judgment affirming the administrative denial of her claim for social security disability benefits. Ms. Dew was injured on April 1, 1985, when she fell down a flight of stairs at work. As a result of the fall, she claimed to have suffered musculoskeletal injuries, impaired vision, a closed head trauma, depression, confusion, loss of memory, and deterioration of intellectual function. In her claim for disability benefits she contended that her neurological and psychiatric condition met the medical criteria for a listed impairment which entitled her to a finding of disability. See 20 C.F.R. Sec. 404.1520(d); Hall v. Harris, 658 F.2d 260, 264 (4th Cir.1981). An administrative law judge (ALJ) denied Dew's claim, concluding that she had not made a sufficient showing of either an organic brain disorder or an affective disorder to meet the criteria for such a listed impairment. The Appeals Council denied review, making the ALJ's findings a final decision of the Secretary of Health and Human Services. 20 C.F.R. Sec. 404.981. The district court affirmed. We vacate and remand with directions to remand for reconsideration by the Secretary of the findings respecting the absence of an affective disorder.
 
 
 2
 * On her neurological and psychiatric complaints, Dew was examined by six specialists, five of whom made specific diagnoses. As is often the case, the medical conclusions of these specialists conflicted. While her own two doctors concluded that Dew did have an organic brain disorder as defined by the regulations, see 20 C.F.R. Sec. 404, Subpart P, App. 1, Sec. 12.02, both of the doctors to whom Dew was referred by her employer's insurance company concluded that she did not. The latter two doctors also indicated that inconsistencies in Dew's test results suggested that she might be exaggerating some of her responses. A final doctor, a non-treating physician whom the ALJ asked to review all the medical evidence submitted, agreed with the insurance company's doctors on both counts.
 
 
 3
 Where the medical testimony is conflicting, the Secretary has the right to decide between the various conclusions offered. 20 C.F.R. Sec. 404.1527. "[I]f the medical expert testimony from examining or treating physicians goes both ways, a determination coming down on the side of the non-examining, non-treating physician should stand." Smith v. Schweiker, 795 F.2d 343, 346 (4th Cir.1986) (citing Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir.1984)). We therefore agree with the district court that substantial evidence supported the Secretary's finding that Dew did not have an organic brain disorder.
 
 II
 
 4
 For Dew to meet the required level of severity for an affective disorder, she must satisfy both parts A and B of Sec. 12.04. Part A is met if there is "[m]edically documented persistence" of a depressive syndrome, manic syndrome, or bipolar syndrome (manic/depressive). 20 C.F.R. Sec. 404, Subpart P, App. 1, Sec. 12.04(A). Under part B, the medical conditions established in part A must result in at least two of the following: "[m]arked restriction of activities of daily living"; "[m]arked difficulties in maintaining social functioning"; "[d]eficiencies of concentration ... resulting in frequent failure to complete tasks in a timely manner"; or "[r]epeated episodes of deterioration or decompensation in work or work-like settings...." Id. at 12.04(B).
 
 
 5
 The ALJ properly found that Dew's depression satisfied the requirements of part A. There was substantial evidence in the medical testimony to support this finding. The ALJ also found, however, that Dew's general social functioning was not so restricted as to satisfy part B.
 
 
 6
 The consensus of the medical opinion and the claimant's own testimony clearly established that she suffers from only slight difficulties in maintaining social functioning with neighbors and friends. Statements made to various physicians and the claimant's testimony at the hearing reveal that her mental illness moderately restricts the range of her daily living activities.
 
 
 7
 J.App. at 76.
 
 
 8
 A closer reading of the medical evidence and other testimony on which the ALJ relied does not reveal substantial evidence for this conclusion. We are particularly concerned, first, that the ALJ did not differentiate between the conclusions Dew's various doctors drew about whether she had an organic brain disorder under Sec. 12.02(A) or a depressive syndrome under Sec. 12.04(A) and the conclusions they reached about her social functioning. The latter rest not on Dew's test results but upon her behavior and testimony. We are also concerned that the ALJ may not have considered sufficiently Dew's own testimony or that of her family and friends. We will therefore vacate the judgment denying benefits and remand with directions to remand to the Secretary for reconsideration of the evidence relative to the existence of an affective disorder under part B of the Sec. 12.04 test.
 
 
 9
 Critical to our concerns are the ALJ's apparent rejection of Dew's testimony as lacking credibility. The district court held and the Secretary now argues that Dew does not satisfy Sec. 12.04(B) because, even though she offered testimony which would provide substantial evidence of the marked restrictions in her activities, her credibility on this score is suspect. On remand, the Secretary should reconsider the evidence relative to affective disorder. In particular, the Secretary should indicate whether any doubts about Dew's credibility relate to her claim of markedly restricted social functioning or only to her claim of an organic brain disorder.
 
 
 10
 SO ORDERED.